**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDER RAMSEY, | No. 19-56203 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 8:18-cv-01870-JVS-ADS |
| AMWAY CORPORATION, a Virginia corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted July 6, 2021[**]
Seattle, Washington

Before: HAWKINS, CLIFTON, and IKUTA, Circuit Judges.

Alexander Ramsey appeals the district court's grant of summary judgment in

favor of defendants Amway Corporation, Alticor, Inc., and Farouque Khattak on

Ramsey's employment discrimination and harassment-related claims. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *L. F. v. Lake Washington Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020), we affirm.

The district court did not err by granting summary judgment in favor of Amway and Alticor because the undisputed facts demonstrate that Ramsey was employed by Access Business Group, LLC ("ABG")—an Amway affiliate and Alticor subsidiary—rather than the defendant corporations. To prevail on the discrimination and wrongful termination claims asserted in his complaint, Ramsey must establish that Amway and Alticor were his employers. *See* Cal. Gov't Code §§ 12940(a), 12945.2(a). In the summary judgment proceedings, Ramsey failed to controvert evidence showing that (1) his offer of employment was made specifically by ABG; (2) his employee on-boarding form identified ABG as his employer; (3) ABG issued his W-2's and paychecks; and (4) his resume identified his employer as Nutrilite, a registered doing business name for ABG.

Ramsey nevertheless contends that summary judgment was improper because Amway, Alticor, and ABG should be treated as a single, integrated enterprise for purposes of liability. "An employee who seeks to hold a parent corporation liable for the acts or omissions of its subsidiary on the theory that the two corporate entities constitute a single employer has a heavy burden to meet[;] . . . corporate form will be disregarded only when the ends of justice require [that] result." *Laird v. Cap. Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1998), *overruled on other grounds by*

*Reid v. Google*, 50 Cal. 4th 512 (2010). To substantiate his integrated enterprise theory, Ramsey was required to produce sufficient evidence tending to show (1) centralized control of labor relations, (2) interrelation of operations, (3) common management, and (4) common ownership or financial control among the three entities. *See id.* However, Ramsey failed to present evidence demonstrating that Amway or Alticor exercised control over ABG's day-to-day employment or management, and the remaining evidence he relied upon was insufficient to avoid summary judgment. *See id.* at 738–39 (explaining summary judgment was proper despite evidence that, among other things, employees of subsidiary held themselves out as employees of parent, were eligible for some of parent's benefits programs, and were subject to certain policies of parent).

Although the district court did not specify the basis for its grant of judgment in favor of Khattak on Ramsey's harassment claim, we may affirm on any basis supported by the record. *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 973 (9th Cir. 2017). Here, the record makes clear that Ramsey's harassment claim against Khattak is time-barred. An employee seeking to bring claims under California's Fair Employment and Housing Act ("FEHA") has one year to first file a complaint with the Department of Fair Employment and Housing ("DFEH"). *See Carroll v. City & Cnty. of San Francisco*, 41 Cal. App. 5th 805, 813 (2019). Because filing a DFEH complaint is a prerequisite to bringing suit under the FEHA, an

19-56203

employee generally "can sue over discriminatory acts that occur within the one-year period prior to the employee's filing of [the] DFEH complaint." *Id.* at 813. It is undisputed that Khattak ended his employment with ABG in 2014, and Ramsey did not file his administrative complaint until September 8, 2017.

Ramsey's reliance on California's "continuing violation" doctrine is misplaced. *See Willis v. City of Carlsbad*, 48 Cal. App. 5th 1104, 1124 (2020) ("The continuing violation doctrine aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating the limitations period as accruing for all of them upon commission or sufferance of the last of them." (quoting *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. App. 4th 1185, 1192 (2013))). Even assuming the conduct complained of occurred until Khattak's last day of employment with ABG, the last act would have occurred more than one year before Ramsey filed his DFEH complaint. An individual employee may be liable under the FEHA only for acts "perpetrated by the employee." Cal. Gov. Code § 12940(j)(3). And Ramsey has not identified any case in which an individual supervisor was held personally liable for conduct otherwise time-barred based on events that occurred within the employer's business after the supervisor's own relationship with the employer ended.

Finally, the district court did not abuse its discretion by denying a continuance. *See California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

**AFFIRMED.**